AO 91 (Rev. 11/11)  Criminal Complaint

AUSA Carmen M. Lineberger

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| JUAN VELAZQUEZ-ORTIZ, | ) | 19-080-SMM |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

FILED BY _____ D.C.

AUG 0 6 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 29, 2019__ in the county of __Indian River__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Previously Removed Alien Found in the United States. |

This criminal complaint is based on these facts:

-SEE ATTACHED AFFIDAVIT-

☑ Continued on the attached sheet.

_____
*Complainant's signature*

John R. Jones, II, Border Patrol Agent, United States Border Patrol
*Printed name and title*

Sworn to before me and signed in my presence.

Date: August 6, 2019

_____
*Judge's signature*

City and state: __Fort Pierce, Florida__   Shaniek M. Maynard, U.S. Magistrate Judge
*Printed name and title*

### AFFIDAVIT OF JOHN R. JONES, II
### BORDER PATROL AGENT
### U.S. DEPARTMENT OF HOMELAND SECURITY

I, John R. Jones II, being duly sworn, do solemnly swear and state that:

1. I am an agent for the U.S. Department of Homeland Security, United States Border Patrol, and have served in that position for ten (10) years. I am currently assigned to the West Palm Beach Border Patrol Station in Riviera Beach, Florida. I have received specialized training regarding the investigation and enforcement of United States Immigration Laws. In the capacity of a Border Patrol Agent, I am charged with enforcing federal administrative (Immigration) and criminal laws under Titles 8, 18, 19, and 21 of the United States Code. As a federal law enforcement officer, I have the authority to make arrests, execute search warrants, and take sworn statements.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. The information set forth in this affidavit is not intended to detail each and every fact and circumstance of the investigation known by me or other law enforcement personnel. Rather, this affidavit serves solely to establish that there is probable cause that the subject, Juan VELAZQUEZ-Ortiz, committed the offense of being a previously removed alien found in the United States without the approval of the Secretary of Homeland Security, in violation of Title 8, United States Code, Section 1326(a).

### PROBABLE CAUSE

3. On or about July 29, 2019, at approximately 5:15 p.m., Deputy K. Jaworski conducted a traffic stop on a vehicle, after he noticed that the driver was not wearing a seatbelt. The traffic stop occurred on Highway 95, near mile marker 147, in Vero Beach, Florida. The vehicle contained three occupants. Deputy Jaworski requested the driver's license, registration

and insurance card. The driver of the vehicle did not produce a driver's license, and instead presented Deputy Jaworski with a Mexican passport. While Deputy Jaworski was speaking to the driver, he noticed that the two passengers, one of whom was later identified as Juan VELAZQUEZ-Ortiz, were communicating with one another in the Spanish language. Suspecting that he had may have encountered a smuggling venture, Deputy Jaworski contacted Border Patrol Agent (BPA) Cesar Barrientos, who speaks Spanish and is assigned to work in Indian River County, along with deputies from Indian River County Sheriff's Office.

    4.    BPA Barrientos arrived on scene at 5:35 p.m. and identified himself a Border Patrol Agent. BPA Barrientos interviewed the three individuals regarding their citizenship and right to be or remain in the United States. Each of the three subjects admitted to being citizens of Mexico and that they were not able to produce immigration documents that would allow them to be or remain in the U.S. legally. Deputy Jaworski issued the driver a citation and arrested him for driving without a license. BPA Barrientos arrested Juan VELAZQUEZ-Ortiz and the other passenger for being illegally present in the U.S. and then transported them to West Palm Beach Border Patrol Station for processing and further questioning.

    5.    At the station, Juan VELAZQUEZ-Ortiz's fingerprints were entered into the e3/New Generation Identification system, which queries the Department of Homeland Security (DHS) database, as well as the Federal Bureau of Investigation (FBI) database. The records returned resulting in a positive match indicating that Juan VELAZQUEZ-Ortiz has a prior immigration and criminal history, under alien registration file A*** *** 675, and FBI#*****09TW. The immigration electronic records and alien file assigned to Juan VELAZQUEZ-Ortiz shows that he is a native and citizen of Mexico.

6.  The aforementioned records indicate that Juan VELAZQUEZ-Ortiz was previously arrested by the Border Patrol in Laredo, Texas, on or about October 23, 2016, and deemed an inadmissible alien under Section 212. Thereafter, Juan VELAZQUEZ-Ortiz was ordered removed from the United States by Immigration officials, removed from the U.S., and returned back to Mexico on October 24, 2016.

7.  Record checks through the Department of Homeland Security (DHS) CLAIMS database failed to locate any evidence indicating that Juan VELAZQUEZ-Ortiz had applied for or received permission from the appropriate government officials to lawfully reenter the United States.

8.  Based on the foregoing, I submit that there is probable cause to believe that, on or about July 29, 2019, Juan VELAZQUEZ-Ortiz, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Sections 1326(a).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
JOHN R. JONES II
UNITED STATES BORDER PATROL

Subscribed and sworn to before me this ___ day of August 2019, in Fort Pierce, Florida.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-080-SMM

UNITED STATES OF AMERICA

v.

JUAN VELAZQUEZ-ORTIZ,

Defendant.
_____/

CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?   ___ Yes  ✓ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   ___ Yes  ✓ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY: _____
CARMEN M. LINEBERGER
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.   5501180
101 South U.S. Highway 1, Suite 3100
Fort Pierce, Florida 34950
Tel:   772-466-0899
Fax:   772-466-1020
Email:   Carmen.Lineberger@usdoj.gov